# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

HARRISON D. WILLIAMSON, JR.,

        Petitioner,    :    Case No. 3:20-cv-288

  - vs -                          District Judge Michael J. Newman
                                      Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,
  London Correctional Institution,

                                                    :
        Respondent.

## REPORT AND RECOMMENDATIONS

        This habeas corpus case, brought *pro se* by Petitioner Harrison Williamson under 28 U.S.C. § 2254, is before the Court for decision on the merits. The relevant filings are the Petition (ECF No. 1), the State Court Record (ECF No. 7), and the Return of Writ (ECF No. 8). Petitioner has not filed a reply and his time to do so has expired[1].

        Petitioner asserts the Ohio Adult Parole Authority has violated his rights under the Double Jeopardy Clause in the manner in which it has managed his post-release control from various prison sentences imposed by Ohio courts.

        Williamson's first relevant conviction was for aggravated robbery in 2006 (Petition, ECF No. 1, PageID 1). On July 17, 2006, The Honorable John W. Kessler sentenced Williamson to six

---

[1] The Court's last mailing to Petitioner, sent to his address of record at London Correctional, was returned undeliverable. On February 5, 2021, Respondent advised the Court that Williamson had been released from London Correctional to the renewed supervision of the Adult Parole Authority but had not furnished Respondent with a new Address. Neither has he furnished the Court with a current address.

years for the robbery plus a consecutive three years for a firearm specification (Termination Entry, State Court Record, ECF No. 7, Ex. 1). In the same document, Judge Kessler imposed post-release control:

> The Court notifies the defendant that, as a part of this sentence, the defendant will be supervised by the Parole Board for a period of FIVE years Post-Release Control after the defendant's release from imprisonment
>
> Should the defendant violate any post-release control sanction or any law, the adult parole board may impose a more restrictive sanction. The parole board may increase the length of the post-release control. The parole board could impose an additional nine (9) months prison term for each violation for a total of up to fifty percent (50%) of the original sentence imposed by the court. If the violation of the sanction is a felony, in addition to being prosecuted and sentenced for the new felony, the defendant may receive from the court a prison term for the violation of the post-release control itself.

*Id.* Williamson claims that he served his nine-year sentence "day for day" and was released January 29, 2015 (Petition, ECF No. 1, PageID 1). He also acknowledges that he had a five-year term of post-release control to serve beginning upon his release. *Id.*

Williamson further acknowledges that he did not successfully complete this term of post-release control because he was convicted of having a weapon while under a disability in 2016, which is less than five years after his release. *Id.* He pleaded guilty to that charge on May 16, 2016, before The Honorable Steven K. Dankof. Because Williamson committed some violation of his community control[2] sanctions, Judge Dankof on October 5, 2016, revoked community control and sentenced Williamson to one year imprisonment, followed by a term of three years post-release control (Termination Entry, State Court Record, ECF No. 7, Ex. 18). This Entry contains language identical to that used by Judge Kessler about the consequences of violating post-release control.

---

[2] Just as "post-release control" is Ohio's current analog to parole, "community control" is Ohio's current analog to probation.

2

While still on post-release control in 2019, Williamson pleaded guilty to yet another felony offense, possession of cocaine. The Honorable Dennis J. Adkins sentenced Williamson to eleven months imprisonment and provided for an additional three-year term of post-release control (Termination Entry, State Court Record, ECF No. 7, Ex. 22). This Entry contains language identical to that used by Judges Kessler and Dankof about the consequences of violating post-release control. *Id.*

The term of imprisonment of 213 days which Williamson was serving when he filed this case was imposed as a result of his arrest by the Adult Parole Authority on April 16, 2020, for violations of his conditions of post-release control, to which he had been released in February 2020. The violations of which he was found guilty included possession of fentanyl and a firearm and failure to enter the Volunteers of America program to which he had been directed (Notice of Findings, State Court Record, ECF No. 7, Ex. 34).

Williamson claims the Adult Parole Authority's actions toward him constitute an abuse of authority in several ways. First of all, he complains of "stacking," the process of carrying forward any unexpired term of post-release control to any new sentence. Second, he complains that he was given a term of post-release control for his 2019 possession of cocaine conviction, which he says is "rare," it being a fifth-class felony. Third, he claims the current[3] term of incarceration he is serving is contrary to Adult Parole Authority policy which he says requires a new felony charge or conviction before revocation. In conclusion, Williamson claims he has "paid his debt" to society and should be at liberty (Petition, ECF No. 1).

---

[3] Current as of the time of filing. By the time this case became ripe for decision, Williamson had been released from custody.

**Double Jeopardy Claim**

Williamson asserts that "stacking" post-release control terms violates the Double Jeopardy Clause.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165 (1977), quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). The Double Jeopardy Clause was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784, 794 (1969).

> What determines whether the constitutional prohibition against multiple punishments has been violated is the state legislature's intent concerning punishment. Specifically, [w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.

*Jackson v. Smith*, 745 F.3d 206, 211 (6th Cir. 2014), quoting *Missouri v. Hunter*, 459 U.S. 359, 366 (1983)(internal quotation marks omitted).

Post-release control is Ohio's replacement for parole. It is not a judicial invention, but a specific part of the sentence prescribed by the legislature. In fact, Ohio case law holds that failure to impose post-release control when the Revised Code mandates it renders the sentence void. *State v. Fischer*, 128 Ohio St. 3d 92, ¶ 26 (2010). Imposition of post-release control is therefore not a multiple punishment for the underlying crime. The possibility that post-release control will be revoked for violating its conditions is an integral part of the post-release control scheme and all

three felony termination entries at issue in this case advised Williamson of that possibility.

Williamson points to no Ohio law suggesting that the "stacking" of terms of post-release control was not intended by the General Assembly. In fact, it is the most reasonable reading of the post-release scheme. Why would the legislature intend that a person who has violated the conditions of his post-release control be "rewarded" by excusing the balance of that term because he has "caught" a new felony? "Stacking" thus serves the same penological purpose as consecutive sentencing which itself is certainly constitutional. *Oregon v. Ice*, 555 U.S. 160 (2009).

Williamson has pointed to no Supreme Court precedent to the effect that "stacking" periods of post-release control violates the Double Jeopardy Clause. This Court should therefore defer to the Ohio court's denial of habeas corpus relief (Entry, State Court Record, ECF No. 17-1, PageID 359).

**Imposition of Post-Release Control for a Fifth-degree Felony**

Williamson complains of imposition of a term of post-release control for his conviction in 2019 for possession of cocaine; he says that such a sentence is "rare." If a term of post-release control was not authorized by statute for a fifth-degree felony, this Court could grant relief; a state court may not, as a matter of due process, impose a sentence that is not authorized by law. But such a term is authorized for a fifth-degree felony. See Ohio Revised Code § 2967.28.

**Revocation Without a New Felony Conviction**

Williamson claims Parole Authority "policy" does not authorize revocation of post-release

control except for commission of a new felony charge. He provides no evidence of such a policy and the law does not impose such a limit. Williamson actually committed two felonies – possession of fentanyl and possession of a firearm while under a disability. The fact that the prosecutor did not obtain an indictment yet[4] for those two felonies – in the midst of the worst pandemic in a century -- does not excuse Williamson's conduct.

**Conclusion**

Williamson's self-righteous claim that he has "paid his debt" to society is troubling. Every citizen owes his fellow citizens obedience to the criminal law. Williamson has repeatedly failed to meet that obligation or to take the assistance to avoid recidivism that the criminal justice system has offered him, particularly participation in the MonDay Program and residence at the VOA.

In any event, Williamson has not established that he is entitled to habeas corpus relief. The Petition should therefore be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 3, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[4] If the statute of limitations has not yet run, the Montgomery County Prosecutor could still seek such an indictment.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #